E-FILED
Monday, 24 July, 2006 02:51:22 PM
Clerk, U.S. District Court, ILCD



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-4024 |
| ) | |
| THREE HUNDRED FIFTY-TWO THOUSAND, ) | |
| SIX HUNDRED FIFTY AND 00/100 ) | |
| ($352,650.00) DOLLARS IN U.S. CURRENCY,) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is now before the Court on the Government's Motions to Strike Answer and for Default Judgment Against Robert Schultz and All Other Unknown Potential Claimants. For the reasons set forth below, the Motion to Strike Answer and Motion for Default [#9] are DENIED as they pertain to Robert Schultz and GRANTED as they pertain to all other unknown potential claimants.

### DISCUSSION

Forfeiture proceedings are governed, in part, by 21 U.S.C. § 881(b), the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Pursuant to Rule C(6)(a)(i)(A) of the Supplemental Rules:

> [A] person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right . . . within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4).

The verified claim states the claimant's interest in the property, by virtue of which the claimant demands restitution and the right to defend the action. United States v. United States Currency in the amount of $2,857.00, 754 F.2d 208, 212-13 (7th Cir. 1984). If the

procedural requirements of Rule C(6)(a)(i)(A) are not met, the claimant lacks standing to defend and contest the forfeiture. Id.; United States v Commodity Account No. 549 54930 at Saul Stone & Company, 219 F.3d 595, 598 (7th Cir. 2000) (noting that strict compliance with the rules is required to establish standing).

Here, the Complaint and Summons were served upon Robert Schultz ("Schultz") on May 9, 2006. Although Schultz filed an Answer on May 23, 2006, he failed to file the required verified claim as required by Rule C(1)(a)(i)(A), and the time for doing so has long since expired. A Notice of Action and Seizure was published in the Moline Daily Dispatch on three occasions, the last of which appeared on May 16, 2006. No other potential claimant has made any attempt to file either a Claim or an Answer.

As Schultz failed to comply with the requirements of Rule C(1)(a)(i)(A), the Court would normally conclude that he lacks standing to defend the present forfeiture. However, he has since tendered his verified claim, along with a request to file a late claim. In U.S. Currency in the Amount of $103,387.27 v. Stamp, 863 F.2d 555, 561-62 (7th Cir. 1988), the Seventh Circuit found that an extension of time to file a claim of ownership should be granted where: (1) the claimant has advised the court and the government of his interest in the property before the claim deadline, and (2) the government would not be prejudiced by allowing the late filing. Courts must also consider whether there has been a good-faith effort to comply initially with the requirements of Rule C(6). Id.

Here, Schultz has placed both the court and the government on notice of his interest by filing his Answer, as well as a claim in response to the Notice of Seizure. There is no indication that the Government will be prejudiced by allowing the filing of his claim, which was submitted less than two weeks after the deadline elapsed. It would also appear that

Shultz has made a good faith effort to comply. Accordingly, the Government's Motion to Strike Answer [#9] is DENIED, and the Court grants Shultz's request to file a late claim. Additionally, as no other Unknown Potential Claimants have appeared in this proceeding, they are hereby found to be in default. The Government's Motion for Default [#9] is DENIED as to Schultz and GRANTED as to the Unknown Potential Claimants.

ENTERED this 24th day of July, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge